McDonald, j.
| ¡¡The plaintiff, Jacob Jarreau, began working for Wal-Mart on May 27, 2002. He worked at the Wal-Mart Distribution Center in Hammond, Louisiana, loading pallets for distribution to Wal-Mart stores. On July 14, 2002, Mr. Jarreau, with the help of his supervisor, completed an Associate’s Statement asserting that he had injured the left side of his back, but that he did not know how he injured it. The date given for the accident was Sunday, June 7, 2002.
Mr. Jarreau was thereafter treated for his neck and back for three months. Mr. Jarreau was later diagnosed with an ulnar neuropathy of the left elbow, and surgery was performed in September of 2003.
Wal-Mart denied that a work-related accident had occurred, and Mr. Jarreau filed a disputed claim for compensation. After a hearing, the workers’ compensation judge found that a work-related accident had occurred on July 12, 2002. The Judge further concluded that Mr. Jarreau had injured his neck and back as a result of the accident, but that the ulnar neuropathy of the left elbow was not related to that accident. Mr. Jarreau is appealing that judgment, asserting that the workers’ compensation judge erred in not finding the ulnar neuropathy was caused by the work accident and erred in not awarding benefits and medical treatment related to the ulnar neuropathy.
In a workers’ compensation case, the appellate court’s review of fact is governed by the manifest error or clearly wrong standard. Freeman v. Poulan/Weed Eater, 93-1530 (La.1/14/94), 630 So.2d 733, 737. Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of facts should not be disturbed upon review, even ^though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
After a thorough review of the record, we cannot say that the workers’ compensation judge’s factual determinations were clearly wrong or manifestly erroneous. Thus, in accordance with Uniform Rules— Courts of Appeal, Rule 2-16.2(8), the workers’ compensation judge’s decision is affirmed. Costs are assessed against Mr. Jarreau.
AFFIRMED.